In the Matter of the Estate of WILLIAM A. PHILP, Deceased.

Surrogate's Court, Erie County, March 14, 1932

*Hiram H. Bacon,* for the proponent.

*Edward E. Tanner,* for Helen S. Philp, widow, and as special guardian for Helen S. Philp.

HART, S.   The Marine Trust Company of Buffalo is named as executor in the instrument purporting to be the last will and testament of William A. Philp, deceased, which will was filed in this court by Hiram H. Bacon, attorney for said executor and one of the subscribing witnesses to said instrument.

The decedent was a practicing lawyer who had been twice married, leaving three daughters of full age, issue of the first marriage, and one son of eleven years, issue of the second marriage, and his widow.

A citation was duly issued returnable May 19, 1931, which was duly served, and Edward E. Tanner, attorney, appearing in behalf of the widow, was appointed special guardian of the infant child.

The will is conceded to have been prepared and self-typed by the decedent and was signed and witnessed in legal form in the presence of two neighboring lawyers, Hiram H. Bacon and Louis J. Voltz.

The printed form used in the preparation of said will shows the space allotted for the month and year filled in by typewriter as of August, 1930, the day of the month being blank.

The witnesses in a preliminary examination were accurate and certain in their recollection as to the event of the execution, testified as to the signature of the decedent, declaration of the will and to witnessing the document, but were not sure of the date of execution. Mr. Bacon, one of the subscribing witnesses, upon recall places the date specifically as previous to the 14th day of August, 1930, refreshing his recollection through a memorandum left by the testator with him incidental to the collection of accounts cared for by witness as a courtesy to a brother lawyer during testator's absence from the city.   Mr. Bacon fixes the date of departure of decedent positively as of August 14, 1930, and the execution of said will as on or prior to that date.

The fact of one lawyer executing a will entirely prepared by

himself with two lawyers serving as witnesses, would ordinarily indicate an invulnerable iron-clad document.

With the evidence as recorded no memorandum would seem to be requisite, were it not for the sympathetic zealous activity of contestant's counsel, the unusual delay in the proceedings, the resort to contest, foreign commissions, filing of briefs and strenuous oral arguments.

I am, nevertheless, impelled to express my views in regard to the importance of the positive testimony given by Mr. Bacon as of direct character, in contrast to the testimony offered by friends and relatives of hearsay type.

Counsel for contestant has withdrawn his objections to the probate of the will, and his sole endeavor is to show the date of execution later than September 1, 1930, thereby bringing it under the terms of the new Decedent Estate Law (Laws of 1929, chap. 229). The estate is not a large one; the testator apparently had definite ideas as to the disposition of his estate, making bequests to his children of a former wife, the residue in trust to the widow with restrictions due to marital differences, all of which are beside the mark, and the sole question for determination is the date. of execution.

The witnesses who attended the execution seem to be the reliable factors worthy of credence.

I, therefore, hold that the will was executed during the month of August, 1930.

Decree of probate may be entered in conformity with this memorandum.